## CIRCUIT COURT OF FAIRFAX COUNTY

Steven M. Gouterman

v.

Randi Zuller Gouterman

January 30, 1997

Case No. (Chancery) 132872

BY JUDGE J. HOWE BROWN

This case is before the Court upon Motion to Deny Jurisdiction Over Visitation Issues filed on behalf of Randi Zuller (Wife) and upon Petition to Reopen and Abate Child Support filed on behalf of Steven Gouterman (Husband).

Husband seeks to abate child support while he is in prison and to reduce child support because he lost his job. From his testimony by deposition and from the deposition of his present wife, Sharon Gouterman, the Court finds that Husband was President of Gouterman & Sheffy, Inc., a chain of retail jewelry stores. The business went sour. In a misguided effort to save the business, Husband participated in misrepresentations to a bank, which constituted a federal crime. The business went under. Husband began to run a business established by his parents which paid him $36,000.00 for 1995 and $16,000.00 for a portion of 1996. In August 1995, in anticipation of going to prison, he shut down that business and opened a similar business for his present wife to run while he was in prison. Husband had been indicted for crimes in January 1996. In October of 1996, Husband was sentenced to thirty months in prison and began to serve that sentence in December 1996.

Husband seeks to modify an Order that was entered March 24, 1995, when Husband was earning $36,000.00 per year in the business set up by his parents. It is the finding of the Court that any change in circumstances since that Order was brought about by the criminal activity and the plea of guilty by Husband and should not be a basis for a modification of that Order. If he had not broken the law and pleaded guilty, he could be successfully running a

business, as indeed his present wife now is, and he would have income of $3,000.00 as found at the time of the prior order. However, the evidence shows that Wife has had a substantial increase in income, from $3,113.00 per month to $3,750.00 per month; Guideline support is thus reduced to $953.00 per month, retroactive to the date of filing the Petition, September 26, 1996.

Husband seeks to have the Court order that the children be brought to visit him in Allenwood, Pennsylvania, prison, since he is unable to visit them, as the order of March 24, 1996, contemplated. Before the Court now is the question of jurisdiction to hear that motion.

The Bill of Complaint for Divorce was filed in this Court on January 6, 1994. At that time, Husband lived in Virginia, but Wife and the two children already had moved to New York, where they still reside. The parties were divorced December 30, 1994. The last order referring to visitation was entered by this Court March 24, 1995. There is no action regarding the children pending in any other Court.

The children have had no connection with Virginia since the fall of 1993, except visitation with Husband before his incarceration. Virginia should not, even if it can, exercise jurisdiction in this case, where all contacts, witnesses, and evidence are in New York and have been for a period in excess of three years. The Motion to Deny Jurisdiction is granted; this Court will not decide whether it is in the children's best interests to visit their father in prison.